IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRIAS DIEGUES,

    Petitioner,

vs.                                    Case No. 4:11cv547-RH/WCS

RICK SCOTT, et al.,[1]

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO SUMMARILY DISMISS § 2254 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and motion to proceed in forma pauperis. Docs. 1 and 2.

Petitioner claims that imposition of 60 days disciplinary confinement and the loss of ten days gain time at a disciplinary hearing violated double jeopardy. While not entirely clear, the claim seems to be that two types of sanctions could not be imposed for one violation of attempted battery on another inmate.

---

[1] Petitioner names the Florida Governor Scott and others. The correct Respondent is the person with official custody. 28 U.S.C. §§ 2242, 2243 (a habeas petition shall name and the order to show cause shall be directed to the person having custody). As the petition is moot, it is not necessary to substitute a Respondent.

For relief, Petitioner seeks an order to show cause why relief should not be granted, *or* that he be released by November 2, 2011.  Doc. 1, p. A5 (doc. 1, p. 6 of the document as scanned in ECF) (Electronic Case Filing).  If held in prison past November 2,[2] Petitioner asks "to proceed with this petition and with his complaint for damages which is enclosed hereto for filing as well." *Id.*  A complaint for damages was not enclosed, and (according to the electronic docket) no other cases were filed in this court by Frias Diegues.

The website maintained by the Florida Department of Corrections (DOC), using Petitioner's DOC number, reveals that Petitioner was released on November 12, 2011.[3]  That is consistent with Petitioner's allegation that his release date was originally November 2 and he lost ten days gain time.  Petitioner's challenge was to serving the extra ten days, but he has already served the them and was released and his claim is moot.  "[M]ootness, however it may have come about, simply deprives [the court of the] power to act; there is nothing [] to remedy, even if [the court] were disposed to do so. " Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).  The courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id.*

---

[2] The petition is considered filed on October 23, 2011, the date it was delivered to prison officials for mailing.  Doc. 1, p. 6 (p. 9 in ECF).  It was not entered on the docket by the clerk until October 31, 2011.  Petitioner's inmate grievances were all denied on October 16, 2011.  *Id.*, p. 3 (and p. 3 in ECF).

[3] It is noted that Petitioner appears in the database for "Inmate Release Information," rather than for "Supervised Population Information."

Petitioner did not file a separate complaint for damages, and damages are not available in a habeas corpus proceeding.  Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439  (1973) ("[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." ).  That Petitioner might wish to pursue damages in a separate case does not save this proceeding from mootness. *Id.*, at 17-18, 118 S.Ct. at 988.  The § 2254 petition should be summarily dismissed as moot.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

Petitioner cannot make a substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall therefore make any argument as to whether a certificate should issue by objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the 28 U.S.C. § 2254 petition filed by Frias Dieguez, challenging his state prison disciplinary proceeding resulting in

the loss of ten days gain time, be **SUMMARILY DISMISSED AS MOOT**, and that a

certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 12, 2011.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**